*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRIS CAMPER,

Plaintiff-Appellant,

v

ANGELA SUSAN WHITE,

Defendant-Appellee.

UNPUBLISHED
July 20, 2026
10:45 AM

No. 375437
Oakland Circuit Court
LC No. 2024-205066-NI;
2024-206598-NF

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

In this negligence action arising out of an automobile collision, plaintiff, Chris Camper, appeals as of right the trial court's order denying his motion for judgment. We vacate the trial court's order and remand for further proceedings.

## I. BACKGROUND

In March 2023, plaintiff was driving westbound on 10 Mile Road and approached a blinking-yellow light at the intersection of 10 Mile Road and Northwestern Highway. Defendant was driving southbound on Northwestern Highway and approached a blinking-red light at the same intersection. As plaintiff drove through the intersection and defendant turned right onto 10 Mile Road, defendant's vehicle collided with the passenger side of plaintiff's vehicle. An officer from the Southfield Police Department responded to the accident and, after investigation, concluded that defendant was at fault for the collision. Plaintiff brought a negligence action against defendant, alleging that her negligence caused plaintiff significant physical and mental injury requiring medical treatment.

While plaintiff's negligence action against defendant was pending, defendant filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court of the Eastern District of Michigan. Plaintiff moved for relief from the automatic stay entered by the bankruptcy court, arguing that he should be permitted to continue his action against defendant for purposes of collecting uninsured motorist coverage from his own insurance provider. The bankruptcy court granted plaintiff's motion, allowing him to pursue his "injury claim" against defendant. The bankruptcy court's order expressly provided that plaintiff

shall only pursue the Injury Claim to the extent that (a) it is necessary to name the Debtor as a Defendant in the case, (b) it is necessary to liquidate the amount of the Injury Claim, and (c) there is insurance coverage or uninsured motorist coverage for the Injury Claim.

Further, the bankruptcy court's order provided that any recovery "shall be limited to the extent of the insurance coverage or uninsured motorist coverage, if any, for the Injury Claim" and that plaintiff "shall not attempt to collect, or seek any recovery, from the Debtor, individually, without prior approval of [the Bankruptcy Court]." On June 11, 2024, the bankruptcy court entered an order of discharge under 11 USC 727.

After defendant's bankruptcy discharge, plaintiff moved for summary disposition in his negligence action against defendant under MCR 2.116(C)(9) (opposing party has failed to state a valid defense) and (10) (no genuine issue of material fact). The trial court granted plaintiff's motion, finding defendant at fault for the accident and that defendant's negligence was the proximate cause of plaintiff's injuries. Plaintiff then moved for entry of a judgment awarding him $250,000 for pain and suffering and $400,000 for future damages, representing $10,000 each year for the next 40 years. Defendant filed a response in opposition to the motion, arguing that plaintiff's claims for damages were excessive and that because of the bankruptcy discharge any judgment against defendant personally was unenforceable as a matter of law. Defendant argued that the bankruptcy court's order providing plaintiff relief from the stay "was for the limited purpose of allowing Plaintiff to proceed against the insurance company only" and "did not permit enforcement of any judgment against Defendant personally."

The trial court denied plaintiff's motion for judgment, noting that the bankruptcy court granted plaintiff relief from the stay in a limited capacity and that "any recovery" on the claim against defendant was "limited to the extent of the insurance coverage or uninsured motorist coverage[.]" In denying the motion, the trial court reasoned that plaintiff failed to name an insurer as a party in the case and there was no indication that plaintiff's claims were exempted from the bankruptcy court's discharge order. The trial court denied plaintiff's subsequent motion for reconsideration. This appeal followed.

## II. STANDARDS OF REVIEW

Plaintiff failed to cite a court rule for his motion for a judgment. In context, it appears that plaintiff sought a default judgment under MCR 2.603 because he was pursuing a final order against defendant establishing damages. Generally, a trial court's grant of default judgment is reviewed for an abuse of discretion. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). An abuse of discretion occurs when a decision results in an outcome falling outside the principled range of outcomes. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 625; 750 NW2d 228 (2008). However, questions of statutory interpretation are reviewed de novo. *Brightwell v Fifth Third Bank of Mich*, 487 Mich 151, 156; 790 NW2d 591 (2010). "De novo review means we review this issue independently, without any required deference to the courts below." *Wright v Genesee County*, 504 Mich 410, 417; 934 NW2d 805 (2019).

III. ANALYSIS

Plaintiff argues the trial court erred by denying his motion for entry of a judgment against defendant because the bankruptcy discharge does not preclude plaintiff from continuing his negligence action for insurance purposes. We agree.

The effect of a discharge in a federal bankruptcy proceeding is governed by 11 USC 524(a), which provides, in relevant part:

>  (a) A discharge in a case under this title—

>  (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

>  (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

" 'A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt.' " *In re Talley*, 656 BR 422, 424 (Bankr ED Mich, 2024), quoting *In re Castle*, 289 BR 882, 886 (Bankr ED Tenn, 2003).[1] As the debt itself is not extinguished, section 524(e) provides that a discharge "does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 USC 524(e).

Further, "it is 'well settled' that a tort victim may sue a debtor as a nominal defendant after the debtor is discharged from bankruptcy, as long as the suit is purposed solely to establish the debtor's liability in order to effect recovery from an insurer." *Mauriello v Great American E and S Ins Co*, 554 F Appx 382, 384 (CA 6, 2014). See also *Houston v Edgeworth*, 993 F2d 51, 54 (CA 5, 1993) (reasoning "it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge."); *Green v Welsh*, 956 F2d 30, 35 (CA 2, 1992) (concluding that 11 USC 524 "permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer."); and *In re Jet Florida Systems, Inc*, 883 F2d 970, 976 (CA 11, 1989) (holding that "a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable.").

In the present case, plaintiff has explicitly stated that he only seeks a judgment against defendant to permit his recovery under his uninsured motorist policy and, notably, the bankruptcy court granted plaintiff relief from the stay during the bankruptcy proceedings for that purpose. In

---

[1] Decisions of lower federal courts are not binding on this Court but may be persuasive. *Dobronski v Transamerica Life Ins Co*, 347 Mich App 92, 102; 13 NW3d 895 (2023), citing *Abela v Gen Motors Corp*, 469 Mich 603, 606; 677 NW2d 325 (2004).

Michigan, uninsured motorist coverage is not required by law and is governed by the applicable provisions provided in the policy. *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 84; 910 NW2d 691 (2017). Although plaintiff's uninsured motorist policy does not explicitly require a judgment for damages before recovering under the policy, it does provide that the insurer "will pay compensatory damage which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury.' " Accordingly, in light of the well-established principle that a plaintiff may proceed against a discharged debtor to establish liability to recover from an insurer, *In re Jet Florida Systems*, 883 F2d at 976, the trial court erred by denying plaintiff's motion for judgment on the basis of defendant's bankruptcy discharge.

The trial court also denied plaintiff's motion for judgment on the basis of the fact that plaintiff did not name his insurer as a party. As discussed, uninsured motorist coverage is not required by law, therefore it is governed by the applicable provisions provided in the policy. *Anderson*, 322 Mich App at 84. There is no requirement in plaintiff's policy that his insurer is named as a party; instead, the policy provides only that a "judgment for damages arising out of a suit brought without our written consent is not binding on us." Therefore, plaintiff's policy, at most, requires his insurer's consent before seeking a judgment for damages, if plaintiff seeks to bind his insurer—there is no requirement that his insurer is a party to the lawsuit. Accordingly, the trial court also erred by denying plaintiff's motion for judgment on this basis.

However, contrary to plaintiff's assertion on appeal, the trial court is not required to enter a judgment if it determines that further proceedings are necessary to determine the amount of damages owed to plaintiff. See *Wood v Detroit Auto Inter-Insurance Exchange*, 413 Mich 573, 585; 321 NW2d 653 (1982) (recognizing that the decision to hold further proceedings on the question of damages following default "is within the discretion of the trial court"). Here, the trial court did not make any determination as to the damages owed to plaintiff because it improperly dismissed plaintiff's motion for judgment in reliance on defendant's bankruptcy discharge and the fact that plaintiff did not include his insurer as a party. As discussed, this was erroneous.

Accordingly, we vacate the trial court's order and remand this matter to the trial court to properly consider the amount of damages owed to plaintiff. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young